UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER C. JONES,
        Petitioner,

v.                                                Case No. 11-CV-00936

DEIRDRE MORGAN, Warden,
Oakhill Correctional Institution,
        Respondent.

## ORDER

On October 6, 2011, petitioner Peter Jones filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his current sentence was imposed in violation of the laws of the United States. Petitioner was convicted in Milwaukee County Circuit Court of first degree sexual assault of a child and armed robbery. He was sentenced to 7 years imprisonment for the first charge and 6 years imprisonment for the second charge, to run consecutively. Since being imprisoned in 1997, he has been released and reincarcerated several times for parole violations. He is currently incarcerated at Oakhill Correctional Institution, and he alleges that, due to an error in calculating his time served, he is now being detained beyond the end of his permitted sentence.

As a state prisoner, petitioner's claims are properly brought under 28 U.S.C. § 2254, not § 2241. Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). Federal prisoners must bring habeas corpus challenges to their original conviction and sentence under 28 U.S.C. § 2255, and challenges to the fact or duration of confinement that do not stem from the original conviction under § 2241. Id. State prisoners, on the other hand, should bring all challenges to their confinement under § 2254 because the language in that statute is

broader than § 2255. Id. Section 2254 encompasses any application on behalf of a person in custody "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). On December 13, 2011, petitioner submitted a letter to this court asking that his petition be re-characterized as one under section 2254. Therefore, I will treat this petition as if it were originally filed under that statute.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims. Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court.

Petitioner alleges that the Wisconsin Department of Corrections made an error when calculating his time served and that he is now being incarcerated even though he has served his complete sentence. Incarceration after the time specified in a sentence has expired presents a possible claim under the Eighth Amendment. Burke v. Johnston, 452 F.3d 665, 669 (7th Cir. 2006). Thus, petitioner presents colorable constitutional issues and I will not dismiss his petition at this time.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

Dated at Milwaukee, Wisconsin, this 14th day of December 2011.

s/_____
LYNN ADELMAN
District Judge