# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PETER C. JONES,

    Petitioner,

    v.                                              Case No. 11-CV-936

DEIRDRE MORGAN, Warden,
Oakhill Correctional Institution,

    Respondent.

## DECISION AND ORDER GRANTING MOTION
## TO DISMISS FOR FAILURE TO EXHAUST

Petitioner Peter C. Jones ("Jones") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.). In his petition, Jones alleges that due to an error calculating his time served, he is now being detained beyond the end of his sentence. He seeks immediate release and other remedies.

Before the Court is the respondent's motion to dismiss for failure to exhaust. (Docket #10.) The respondent argues that Jones has a remaining state court remedy to challenge his confinement and therefore has failed to exhaust the claim raised in this federal petition. Jones has responded and the motion is ready for resolution. For the reasons that follow, I will grant the motion to dismiss and deny the petition without prejudice.

## FACTS

In 1996, Jones was convicted in Milwaukee County Circuit Court of first degree sexual assault of a child in violation of Wis. Stat. § 948.02(1). He was sentenced to 1 year House of Corrections,

7 years of probation and 7 years of prison stayed. (Habeas Petition, Docket # 1 at 5.) Subsequently in 1998, he was convicted of attempted armed robbery in violation of Wis. Stat. § 943.32(2) and 939.32. He was sentenced to 6 years of prison to be served consecutively.

In December 2010, Jones wrote the Milwaukee County Circuit Court regarding the computation of his sentence. (Docket #14 at 3.) A staff attorney responded that Jones needed to pursue his complaint with the Department of Corrections. *Id*. The letter also advised Jones that if he believed he is illegally detained his remedy is to file a petition for writ of habeas corpus. *Id*.

Attached to Jones's petition are exhibits showing that he pursued various administrative challenges to the computation of his sentence. In June 2011, Jones filed a complaint challenging the computation of his sentence. (Docket #1, Exhibit 9.) In August 2011, he filed a request for review of his complaint. *Id*. In September 2011, he followed up with another letter. *Id*. The institution responded by letter dated August 19, 2011. (Docket # 1, Exhibit 10.)

On October 6, 2011, Jones filed the instant habeas petition.

**ANALYSIS**

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). "This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to

fairly present his federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

When a petitioner raises claims that have not been exhausted in state court and state remedies remain available, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). After exhausting his claims in state court, the petitioner may then re-present his claims to the federal court in a new habeas petition, assuming he does not run afoul of the statute of limitations. *Rhines*, 544 U.S. at 275.

In this case, Jones alleges that he is illegally detained due to an error in computing his time served. In his petition, Jones cites to administrative remedies he has pursued in challenging the computation of his sentence. (Docket # 1 at 12.) The respondent moves to dismiss arguing that Jones has not exhausted the claim raised in this petition. I agree.

Under Wisconsin law, the appropriate vehicle for challenging the computation of a sentence is a petition under Wis. Stat. § 782.03 for a writ of habeas corpus.[1] *State v. Johnson*, 101 Wis. 2d 698,

---

[1] Wis. Stat. § 782.03 provides that:

> Application for the writ shall be by petition, signed either by the prisoner or by some person in his or her behalf, and may be made to the supreme court, the court of appeals or the circuit court of the county, or to any justice or judge of the supreme court, court of appeals or circuit court or to any circuit or supplemental court

703 (Ct. App. 1981). Here, while Jones has pursued his administrative remedies, he has not filed a petition under Wis. Stat. § 782.03. In response to the motion to dismiss, Jones submitted a letter from a staff attorney at the Milwaukee County Clerk of Circuit Court to show that he sought judicial remedies. (Docket #14 at 3.) However, the letter does not show that Jones filed a petition for writ of habeas corpus pursuant to Wis. Stat. § 782.03 in state court. In fact, the letter advises Jones to pursue such action, stating "If you believe you are being held illegally because of an erroneous sentence computation, your remedy is to file a petition for writ of habeas corpus." *Id*. Jones failed to do so. Accordingly, he has not exhausted his available state remedies and I will deny his petition without prejudice.

As discussed above, before this court can entertain a federal claim from a state petitioner, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). Thus, Jones must first file a state habeas corpus petition, and assuming it is denied, he must appeal that denial to the appellate courts of Wisconsin before his claim can be presented here in federal court.

commissioner, within the county where the prisoner is detained; or if there is no judge within the county, or for any cause he or she is incapable of acting, or has refused to grant the writ, then to some judge residing in an adjoining county; but every application, made by or on behalf of a person sentenced to the state prisons, must contain a copy of any motion made under s. 974.06 and shall indicate the disposition of the motion and the court in which the disposition was made. If no motion was made, the petition shall so state.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket #10) be and is hereby **granted**.

**IT IS ALSO ORDERED** that the petition for a writ of habeas corpus (Docket # 1) is **dismissed without prejudice** for petitioner's failure to exhaust state remedies.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of February, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge